

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

Christopher Fell
Assistant United States Attorney

970 Broad Street
Newark, New Jersey 08609

(973) 645-2764
Christopher.Fell@usdoj.gov

CF/PL AGR
2023R00011

February 3, 2025

Robert A. Honecker, Esq.
Ansell Grimm & Aaron P.C.
1500 Lawrence Avenue CN 7807
Ocean, New Jersey 07712

Re:   Plea Agreement with Declan Golden

Dear Mr. Honecker:

This letter sets forth the plea agreement between your client, Declan Golden ("Golden"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **February 28, 2025**, if it is not accepted in writing by that date. If Golden does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Golden to an Information, which charges him with promoting material containing child pornography involving a prepubescent minor or a minor who had not attained 12 years of age, in violation of Title 18, United States Code, Section 2252A(a)(3)(B)(ii). If Golden enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, subject to the following paragraph, this Office will not initiate any further criminal charges against Golden for advertising or possessing material containing child pornography between on or about October 28, 2020 and January 27, 2023.

As part of the agreement, Golden may either (a) provide the password to the If Golden does not provide the password to the encrypted 1 terabyte external hard drive Seagate HDD Model ST10000LM035 (the "External Drive"), or (b) accept that he may face additional charges based on anything found on the External Drive. Said differently, if Golden provides the password for the External Drive, this Office will not initiate any additional charges based on what it finds on the External Drive; however, this Office reserves the right to use the information found on the External Drive at sentencing for this case. If Golden

does not provide the password to the External Drive, this Office reserves the right to charge Golden with conduct related to anything found on the External Drive.

If a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Golden even if the applicable statute of limitations period for those charges expires after Golden signs this agreement, and Golden agrees not to assert that any such charges are time-barred.

Sentencing

The violation of Title 18, United States Code, Section 2252A(a)(3), to which Golden agrees to plead guilty in the Information carries a mandatory minimum prison sentence of 5 years, a maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Golden is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Golden ultimately will receive.

Further, in addition to imposing any other penalty on Golden, the sentencing judge as part of the sentence:

(1) will order Golden to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Golden to pay a special assessment of not more than $17,000 pursuant to 18 U.S.C. § 2259A;

(3) must order Golden to pay restitution pursuant to 18 U.S.C. § 2259, including restitution of at least $3,000 per victim for any conduct occurring after December 7, 2018 including the count of conviction and any conduct deemed "relevant conduct";

(4)  must order forfeiture, pursuant to 18 U.S.C. § 2253, of any visual depiction which would violate 18 U.S.C. §§ 2251, 2251A, 2252, 2252A, 2252B, or 2260; any real or personal property traceable to gross profits or other proceeds obtained from such offense; and any real or personal property used or intended to be used to commit or to promote the commission of any such offense.

(5)  will order Golden, pursuant to the Adam Walsh Child Protection and Safety Act of 2006, Pub. L. 109-248, §§ 113-115, 120 Stat. 587, 593-95 (July 27, 2006), to comply with any applicable sex offender registration requirement in New Jersey, and in each jurisdiction where Golden resides, is employed, or is a student; and

(6)  pursuant to 18 U.S.C. § 3583, shall require Golden to serve a term of supervised release of not less than 5 years. This term will begin at the expiration of any term of imprisonment imposed. Should Golden be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Golden may be sentenced to not more than 5 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. However, pursuant to 18 U.S.C. § 3583(k), should Golden while on supervised release be found, in a manner that satisfies <u>United States v. Haymond</u>, 139 S. Ct. 2369 (2019), to have committed an offense in violation of chapters 109A, 110, or 117, or section 1201 or 1591 of the United States Code, for which imprisonment for a term longer than one year can be imposed, Golden must be sentenced to at least five years' imprisonment and up to a maximum term of life in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Forfeiture</u>

As part of Golden's acceptance of responsibility, pursuant to 18 U.S.C. § 2253, Golden agrees to forfeit to the United States all of his right, title, and interest in: (1) all computer and computer accessories seized on or about January 7, 2023 on which law enforcement discovered visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code; (2) all visual depictions described in Sections 2251, 2251A, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that

were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (3) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (4) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information, and all property traceable to such property, including that which is described in Schedule B, which is part of this plea agreement (the "Digital Property").

Golden waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Golden consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Golden understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Golden further understands that he has no right to demand that any forfeiture of his assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Golden waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Golden also consents to the administrative and/or civil judicial forfeiture of the Digital Property pursuant to 18 U.S.C. § 984. Golden agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Digital Property and will not cause or assist anyone else in doing so. To the extent Golden has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Digital Property, such claims or petitions are deemed withdrawn. Golden further agrees to take all necessary steps to pass clear title to the Digital Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Golden further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Digital Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Golden by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Golden's activities and relevant conduct with respect to this case.

Stipulations

This Office and Golden will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Golden waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Golden understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in Golden being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Golden

understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Golden wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Golden understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, Golden waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Golden also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Registration Consequences

Golden understands that his guilty plea to the charged offense will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. Golden wants and agrees to plead guilty to the charged offense regardless of any registration consequences of that plea. Golden understands that he is bound by his guilty plea regardless of any registration consequences of the plea.

Accordingly, Golden waives any and all challenges to his guilty plea and to his sentence based on any registration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Adam Walsh Child Protection and Safety Act

Golden has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where Golden resides; where he is an employee; and where he is a student. Golden understands that the requirements for registration include providing his name, his social security number, the address of any place where he resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information.

Golden further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. Golden has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of ten years and a statutory

maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Golden. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Golden from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Golden and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

>
> Very truly yours,
>
> PHILIP R. SELLINGER
> United States Attorney
>
> /s/ Christopher Fell
> By: Christopher Fell
> Assistant U.S. Attorney

APPROVED:

_____
Benjamin Levin
Chief, Narcotics/OCDETF Unit

I have received this letter from my attorney, Robert A. Honecker, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration and registration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 4/17/25
Declan Golden

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration and registration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____        Date: 4/17/25
Robert A. Honecker, Esq.
Counsel for Defendant

<u>Plea Agreement With Declan Golden</u>
<u>Schedule A</u>

1. This Office and Declan Golden ("Golden") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the United States Sentencing Guidelines ("U.S.S.G.") effective November 1, 2024 applies in this case. The applicable guideline is U.S.S.G. § 2G2.2.

3. The base offense level is 22 because the defendant has been convicted under 18 U.S.C. § 2252A(a)(3).

4. Four specific offense characteristics apply, which results in an 11-level upward adjustment:

    a. The defendant possessed material involving a prepubescent minor or a minor who had not attained the age of twelve years, which results in a two-level increase. *See* U.S.S.G. § 2G2.2(b)(2).

    b. The defendant knowingly engaged in distribution, other than distribution described in U.S.S.G. § 2G2.2(b)(3)(A)-(E), which results in a two-level increase. *See* U.S.S.G. § § 2G2.2(b)(F).

    c. The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, which results in a two-level increase. *See* U.S.S.G. § 2G2.2(b)(6).

    d. The offense involved 600 or more images, which results in a five-level increase. *See* U.S.S.G. § 2G2.2(b)(7)(D).

5. As of the date of this letter, Golden has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Golden's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6. As of the date of this letter, Golden has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Golden's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Golden enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Golden's acceptance

of responsibility has continued through the date of sentencing and Golden therefore qualifies for a two-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Golden's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7. Accordingly, the total Guidelines offense level (the "Total Offense Level") applicable to Golden is 30.

8. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the agreed total Guidelines offense level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

9. If the term of imprisonment does not exceed 121 months, and except as specified in the next paragraph below, Golden will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 97 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

10. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    (c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

<u>Plea Agreement With Declan Golden</u>
<u>Schedule B</u>

1. One Dell Inspiron laptop Model 15 3511 Reg. Model # # P112F S/T; and

2. One 1 terabyte external hard drive Seagate HDD Model ST10000LM035.